**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.PeltonGraham.com

*Attorneys for Plaintiffs and the Putative FLSA Collective and Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MIXIO LAGOS and GUILLERMO ALFARO**, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> -against- <br><br> **TARA BUILDERS INC., PRAJWOL GAJUREL, PRABESH GAJUREL and MOHAMED ALI**, Jointly and Severally, <br><br> Defendants. | **CLASS & COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs Mixio Lagos and Guillermo Alfaro (the "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief at to other matters, allege as follows:

**NATURE OF THE ACTION**

1.  Plaintiffs are former technicians and laborers who primarily performed installation, repair and maintenance of telecommunication systems for Defendants' telecommunication company. For their work, despite the fact that Plaintiffs and Defendants' other technicians and laborer employees worked more than forty (40) hours per week, Defendants paid them on an hourly

1

or "daily" rate basis without overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiffs bring this action to recover unpaid overtime wages owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*.

3.      Plaintiffs also bring this action to recover damages for Defendants' failure to provide proper wage statements and wage notices pursuant to the NYLL §§ 190 *et seq.*

4.      Plaintiffs bring their FLSA claim on behalf of themselves and all similarly situated employees of Defendants and bring their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all technicians, laborers, and construction workers employed by Defendants in New York.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district and Defendants maintain business locations in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

8. Plaintiff <u>Mixio Lagos</u> ("Lagos") was, at all relevant times, an adult individual residing in Queens County, New York.

9. Plaintiff <u>Guillermo Alfaro</u> ("Alfaro") was, at all relevant times, an adult individual residing in Queens County, New York.

10. Throughout the relevant time period, Plaintiffs worked for Defendants in and around New York City based out of Defendants' corporate offices located at 17915 Jamaica Avenue, Jamaica, New York 11432.

11. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their consent forms are attached hereto.

**Defendants:**

12. Defendant Tara Builders Inc. ("Tara Builders" or the "Corporate Defendant") is an active domestic business corporation with its principal place of business at 17915 Jamaica Avenue, Jamaica, New York 11432 and DOS Process address at 61-32 Woodbine Street, Suite 3L, Ridgewood, New York 11385.

13. Upon information and belief, Defendant Prajwol Gajurel ("Prajwol") is an owner, operator and manager of the Corporate Defendant and sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

14. Upon information and belief, Defendant Prabesh Gajurel ("Prabesh") is an owner, operator and manager of the Corporate Defendant and sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

15. Upon information and belief, Defendant Mohamed Ali ("Ali" and, together with

Prajwol and Prabesh, the "Individual Defendants" and, collectively with the Corporate Defendant, the "Defendants") in an owner, operator and manager of the Corporate Defendant and set Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

16. Throughout the relevant time period, the Individual Defendants were in charge of hiring and firing employees, setting schedules and wage rates, determining Tara Builders' policies with respect to timekeeping and payroll, and otherwise running the business of Tara Builders.

17. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously in their direction and control of Plaintiffs and the Corporate Defendant's other similarly situated employees, and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203 (d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

18. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.00.

20. At all relevant times, Defendants employed and/or continues to employ Plaintiffs and each Collective Action Member within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendants employed and/or continues to employ Plaintiffs and each Class Member within the meaning of the NYLL, §§ 2 and 651.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf and the following collective:

> All persons employed by Defendants at any time since September 26, 2015 and through the entry of judgment in this case (the "Collective Action Period") who worked as technicians, laborers and other construction workers (the "Collective Action Members").

23. A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay Plaintiffs and similarly situated employees overtime premiums for all hours worked over forty (40) per workweek. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally required overtime premium payments for all hours worked in excess of forty (40) per week.

24. Plaintiffs and the Collective Action Members had substantially similar job duties and work schedules, and were paid by Defendants pursuant to the same or substantially similar payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

25. Pursuant to the NYLL, Plaintiffs bring their Second through Fourth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All persons employed by Defendants in New York at any time since September 26, 2012 and through the entry of judgment in this case (the "Class Period") who worked for Defendants as technicians, laborers and other construction workers (the "Class Members").

26. <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

27. <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

28. Although the precise number of Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based is presently within the sole control of Defendants.

29. Upon information and belief, there are approximately forty (40) Class Members.

30. <u>Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting the individual members of the Class</u>. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include, but are not limited to:

  a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

  b. whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;

  c. whether Defendants' policy of failing to pay workers overtime premiums was instituted willfully or with reckless disregard of the law;

  d. whether Defendants failed to provide Plaintiffs and the Class Members with a proper wage notice at the beginning of their employment and/or on February 1 of each year, as required by the NYLL;

  e. whether Defendants failed to provide Plaintiffs and the Class Members with a proper wage statement with their wages, as required by the NYLL;

  f. whether Defendants' failure to properly pay Plaintiffs and the Class Members

6

        lacked a good faith basis; and

    g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

31.    The answers to these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiffs on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

32.    <u>Plaintiffs' claims are typical of the Class Members' claims</u>.  Plaintiffs, like all Class Members, were technicians and/or construction workers who worked for Defendants pursuant to their corporate policies. Plaintiffs, like all Class Members, were, *inter alia*, not paid overtime premium pay for hours worked over forty (40) in a given workweek; were not provided with proper wage statements; and were not provided with proper wage notices. If Defendants are liable to Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

33.    <u>Plaintiffs and their Counsel will fairly and adequately represent the Class</u>.  There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own wages.

34.    Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

35.    <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

36.    Defendants are sophisticated parties with substantial resources. Individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

37. The individual members of the class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Company**

38. At all relevant times, Defendants have been in the telecommunication and general construction business.

39. According to the New York State Department of State, Division of Corporations, Tara Builders Inc. was registered on May 17, 2013.

40. According to the "About Us" section of Tara Builders' LinkedIn page, Tara Builders was founded in 2013 and has between 11 and 50 employees. (*See* http://www.linkedin.com/company/tara-builders-inc).

41. The Individual Defendants are a constant presence at the job sites, where they oversee the business, supervise employees and generally take an active role in ensuring that Tara Builders is run in accordance with their practices and procedures.

**Plaintiffs' Work for Defendants**

42. **Plaintiff Mixio Lagos** was employed by Defendants as a technician and construction worker from in or February 2015 to in or around January 2018 (the "Lagos Employment Period").

43. During the Lagos Employment Period, Plaintiff Lagos typically worked five (5) days per week and sometimes six (6) days, if the Defendants needed to advance or finish a specific project. Plaintiff Lagos typically worked Mondays to Fridays from approximately 7:00 am to

between approximately 5:00 pm and 7:00 pm, and sometimes later, if the Defendants needed to finish a project. In total, Lagos worked approximately fifty (50) to sixty (60) hours per week, and sometimes more. If Lagos had to work on a Saturday in order to advance a project, Lagos typically worked shifts of approximately eight (8) to ten (10) hours on a Saturday in addition to his Monday through Friday schedule.

44. For his work, at the beginning of his employment period in or around 2015, Plaintiff Lagos was paid twenty-six dollars ($26.00) per hour. After several months, Plaintiff Lagos was required to start driving the Defendants' work van to various job sites, at which time his pay was increased to thirty dollars ($30.00) per hour. Thereafter, from in or around 2017 to the end of the Lagos Employment Period, Plaintiff Lagos was paid thirty-five dollars ($35.00) per hour.

45. All hours Lagos worked beyond forty (40) in a given workweek were paid at the same rate as the regular hours, and most weeks Plaintiff Lagos was missing several hours of pay from his paycheck.

46. **Plaintiff Guillermo Alfaro** was employed by Defendants as a technician and laborer from in or around 2014 to in or around 2015 and then again from in or around September 2016 to in or around October 2017, when he suffered an accident at work. Plaintiff Alfaro returned to work in or around November 2017 and worked until on or about December 19, 2017, when his prior injury was aggravated and he was no longer able to work (altogether, the "Alfaro Employment Period").

47. During the Alfaro Employment Period, Plaintiff Alfaro typically worked six (6) days per week and sometimes seven (7) days per week, if Defendants needed to advance or finish a specific project.

48. During the period between 2014 and 2015, Plaintiff Alfaro worked Mondays to

9

Saturdays from between approximately 6:30 am and 7:00 am to between approximately 7:00 pm and 9:00 pm, and sometimes later, if Defendants needed to finish a project. In total, Alfaro worked approximately sixty-nine (69) to eighty-four (84) hours per week, and sometimes more. If Plaintiff Alfaro had to work on a Sunday in order to advance the work of a project, Alfaro typically worked shifts of approximately twelve (12) hours on Sunday.

49. During the period between 2016 and 2017, Plaintiff Alfaro typically worked six (6) days per week, from approximately 6:30 am to between approximately 6:30 pm and as a late as 11:00 pm, for a total of between approximately seventy-two (72) and eighty-four (84) hours per week, and sometimes more.

50. For his work, during the period between 2014 and 2015, Plaintiff Alfaro was paid one hundred and forty dollars ($140.00) per eight (8)-hour day, which was equivalent to $17.50 per hour. All hours worked beyond forty (40) in a given workweek were paid at $17.50 per hour, and most weeks Plaintiff Alfaro was missing hours from his paycheck.

51. During the second period of Plaintiff Alfaro's employment, in or around September 2016 to in or around December 2017, Plaintiff Alfaro was paid twenty-five dollars ($25.00) per hour, for all hours worked, including those beyond forty (40) in a given workweek. During this period, Plaintiff Alfaro was very frequently missing hours from his weekly pay.

52. Throughout their respective employment periods, Plaintiffs were paid with a corporate check, without a pay stub or any other wage statement which reflected, among other information, all hours worked, including overtime hours, and the regular and overtime pay rate(s) for the pay period.

53. Throughout their respective employment periods, Defendants did not provide a formal timekeeping system to track the hours Plaintiffs worked each day.

54. Throughout their respective employment periods, Plaintiffs and other employees of Defendants were requested to go – almost on a daily basis – to the Defendants' "yard" in order to gather materials, tools, and supplies to be used on different projects, and drive in a company van to the job sites. Defendants informed Plaintiffs and other employees that they do not pay for travel/drive time to go between the Defendants' yard and the various jobsites, even though certain job sites were located many hours away from the yard, including in Delaware and New Jersey.

55. Throughout their respective employment periods, despite the fact that they routinely worked well in excess of forty (40) hours each week, Plaintiffs did not receive overtime premium pay for hours worked over forty (40) in a given workweek.

56. Defendants failed to provide Plaintiffs with wage notices at their time of hire or on February 1 of each year.

57. Defendants have simultaneously employed other individuals like Plaintiffs during the Class Period and Collective Action Period and continuing until today, to perform work as technicians, installers, electricians, repair and maintenance workers, construction workers and general laborers.

58. Upon information and belief, Defendants applied the same employment practices and policies to all of their technicians and construction workers including: failing to pay overtime premiums for hours worked over forty (40) in a week; not providing wage statements with each wage payment; and not providing wage notices on the date of hire and/or before February 1 of each year.

59. Defendants failed to maintain accurate records regarding the time worked by Plaintiffs and Defendants' other employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

60.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61.     By failing to pay Plaintiffs and the Collective Action Members overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

62.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiffs and the Class Members)**

64.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular

rate of pay for hours worked in excess of forty (40) per week, in violation of the NYLL and regulations promulgated thereunder.

66. Defendants' failure to pay overtime caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) et al.

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought on Behalf of Plaintiffs and the Class Members)**

81. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82. Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
**(Brought on Behalf of Plaintiffs and the Class Members)**

84. Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85. Defendants have willfully failed to supply Plaintiffs and the Class Members a proper wage statement as required by Article 6, § 195(3).

86. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b)

    to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.   An order tolling the statute of limitations;

d.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.   An award of compensatory damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.   Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members

      as provided for by NYLL, Article 6 § 198(1)-b;

i. Two hundred and fifty dollars ($250) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL § 195 occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1)-d;

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       September 26, 2018

                                  Respectfully submitted,

                                  **PELTON GRAHAM LLC**

                                  By: _____
                                  Brent E. Pelton (BP 1055)
                                  pelton@peltongraham.com
                                  Taylor Graham (TG 9607)
                                  graham@peltongraham.com
                                  111 Broadway, Suite 1503
                                  New York, New York 10006
                                  Telephone: (212) 385-9700
                                  Facsimile: (212) 385-0800

                                  *Attorneys for Plaintiffs and the putative FLSA*
                                  *Collective and Class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Tara Builders Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____  
Firma

Mixto Lagos  
_____  
Nombre Escrito

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las Normas Laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Tara Builders Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

x _____   _____
  Firma                               Nombre Escrito: Guillermo Alfaro