## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiffs Mixio Lagos, Guillermo Alfaro, and Gerardo Rodriguez Sotelo (collectively, the "Plaintiffs") on the one hand, and Tara Builders, Inc. ("Tara Builders"), Prajwol Gajurel, Prabesh Gajurel, and Mohamed Ali (collectively the "Defendants"), on the other hand.

**WHEREAS**, Mixio Lagos and Guillermo Alfaro commenced an action against Defendants in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 18-cv-05411 (BMC) (the "Action") by filing a Class & Collective Action Complaint on September 26, 2018 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Plaintiffs filed an Amended Class & Collective Action Complaint on November 7, 2018 (the "Amended Complaint") alleging violations of the FLSA and NYLL;

**WHEREAS**, Defendants timely filed an Answer to the Amended Complaint on December 17, 2018 and deny allegations made by Plaintiffs;

**WHEREAS**, Judge Brian M. Cogan Ordered a Stipulation for conditional certification of a FLSA Collective, notices were mailed to putative collective members, and no putative collective members joined the Action prior to the expiration of the opt-in period;

**WHEREAS**, on May 20, 2019, Plaintiffs and Defendants (collectively the "Parties") engaged in a Court-referred mediation with mediator Giulio Zanolla, Esq. at which an agreement in principle was reached to settle the Action;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.     In consideration of the payment collectively to Plaintiffs collectively by Defendants of the gross sum of One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00) (the "Settlement Amount"), consisting of Eighty-One Thousand Eight Hundred and Eighty Dollars and Two Cents ($81,880.02) to Plaintiffs and Forty-Three Thousand One Hundred and Nineteen Dollars and Ninety Eight Cents ($43,119.98) (a total that includes $2,180.11 in expense reimbursement and $40,939.87 in attorneys' fees) to Plaintiffs' counsel representing payment of Plaintiffs' attorneys' fees and costs, Mixio Lagos, Guillermo Alfaro, and Gerardo Rodriguez Sotelo hereby release and forever discharge Tara Builders, Inc., Prajwol Gajurel, Prabesh Gajurel, and Mohamed Ali, each of Tara Builders' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, and each of Prajwol Gajurel's, Prabesh Gajurel's, and Mohamed Ali's heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by any of the Defendants, anyone deemed by any of the Plaintiffs to be an "employer" during their respective employment with any of the Defendants, and Tara Builders' predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are, with Tara Builders, Prajwol Gajurel, Prabesh Gajurel, and Mohamed Ali, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiffs, each of their heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair

Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, illegal kickbacks, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions).  This Release shall include, without limitation, any and all claims alleged by any of the Plaintiffs in this Action.

2.    The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit B,** which will be filed with the Court along with the joint Motion for approval of the Settlement and Release Agreement (the "Agreement") within seven (7) days after the following conditions are met: (a) Defendants' counsel receives a duly executed Agreement signed and notarized by each of the Plaintiffs; (b) Defendants' counsel receives completed IRS Forms W-4 for Plaintiffs who have a social security number and/or Tax ID number; (c) Defendants' counsel receives completed IRS Forms W-9 for Plaintiffs who have a social security number and/or Tax ID number; (d) Defendants' counsel receives a completed IRS Form W-9 for Plaintiffs' counsel; and (e) Defendants' counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiffs' counsel.

3.    The Parties agree that the Settlement Amount shall be paid as follows:

(a)    Within thirty (30) days after the date at which the Court So Orders a Stipulation of Dismissal with Prejudice (the "Dismissal Date"), Defendants shall pay the first installment of the Settlement Amount, in the total gross amount of Forty Thousand Dollars and Zero Cents ($40,000.00), in the form of seven (7) checks, as described in Schedule "A" as Payment 1.  Each check shall be delivered to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, NY 10006.

(b)    Within ninety (90) days after the Dismissal Date, Defendants shall pay the first of eight (8) equal monthly installment payments in the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00).    Each of the subsequent equal monthly installment payments are to be made on the same date of each month, or if such date falls on a weekend or public holiday, on the first business day thereafter (hereinafter the "Equal Monthly Installment Payments").  The Equal Monthly Installment Payments are identified as Payments 2-9 respectively on Schedule "A."  Each Equal Monthly Installment Payment shall be paid in the form of seven (7) checks, as described in Schedule "A."  Each check shall be delivered to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, NY 10006.

(c)    Within thirty (30) days after payment of the final Equal Monthly Installment Payment, Defendants shall pay the final installment of the Settlement Amount in the gross amount of Five Thousand Dollars and Zero Cents ($5,000.00) in the form of seven (7) checks, pursuant to Schedule "A."  This final installment payment of the Settlement Amount is identified as Payment 10 on Schedule "A."  Each check shall be delivered to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, NY 10006.

(d)    In the event that a Plaintiff does not maintain a social security number and/or Tax ID number and therefore cannot provide a completed IRS Form W-4 and Form W-9, Defendants will issue the entire settlement amount allocated to that individual subject to an IRS Form 1099 and the individual Plaintiff will be responsible for paying all applicable taxes and shall indemnify, defend and hold harmless Defendants from and against any and all liabilities, damages, losses, obligations, penalties, litigation, proceedings, demands, defenses, disputes, claims, judgments

and expenses, of whatever kind and nature, imposed upon, incurred by, or asserted or awarded against Defendants, arising out of or relating to the payment of compensation to such Plaintiff.

4.  Pursuant to an agreement between the Defendants, Tara Builders and Mohamed Ali shall be collectively responsible for paying the entire Settlement Amount.  Defendants may issue IRS tax Forms W-2 to Plaintiffs for the portion of the Settlement Amount that represents alleged unpaid wages and may issue IRS tax Forms 1099-MISC to Plaintiffs and to Pelton Graham LLC for the remainder of the Settlement Amount.  Plaintiffs agree to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

5.  Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning their respective employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees.  Plaintiffs further agree that they will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as they acknowledge no valid basis for filing such a claim.  In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the

requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Nothing herein shall prevent Plaintiffs from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

6.      Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement.  Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7.      Plaintiffs acknowledge that aside from the payments set forth in Paragraph 3 of this Agreement, they are owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, reimbursement for kickbacks, vacation or sick pay, accrued benefits, or bonuses.

8.      Plaintiffs each agree that they shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any employee the Plaintiff making the statement knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any employee the Plaintiff making the statement knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices.  Plaintiffs each further agree to take no action which is intended, or would reasonably be expected, to harm any Releasee, or their reputations or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Releasee.  In addition, Prajwol Gajurel, Prabesh Gajurel, and Mohamed Ali each agree that they shall not make any: (a) statement, written oral or electronic, which in any way disparages any of the Plaintiffs; or (b) negative statement, written, oral or electronic about any of the Plaintiffs.  Prajwol Gajurel, Prabesh Gajurel, and Mohamed

Ali also agree to take no action which is intended, or would reasonably be expected, to harm any of the Plaintiffs, or the reputation of any of the Plaintiffs, or which would reasonably be expected to lead to unwanted or unfavorable publicity to any of the Plaintiffs. Notwithstanding the provisions of this Paragraph 8, Plaintiffs, Prajwol Gajurel, Prabesh Gajurel, and Mohamed Ali shall each be entitled to provide truthful statements about their experience litigating this Action, about Plaintiffs' claims in this Action, and about the resolution of this Action.

9.      In the event a Party fails to comply with the terms and conditions of this Agreement, the non-breaching Party shall be entitled, in addition to any other right or remedy it may have at law, pursuant to this Agreement, or in equity related to a breach of this Agreement, to all reasonable costs associated with enforcing this provision and the Settlement Agreement overall, including but not limited to reasonable attorneys' fees and costs, if said non-breaching Party prevails in a claim for breach of this Agreement.

10.      The Parties agree that, in an action arising from any alleged breach by any of the Plaintiffs of the Agreement, in addition to any remedies available to Releasees in law or equity for a breach thereof, and in addition to any remedies provided by Paragraph 9 of this Agreement, if any Releasee is the prevailing party, Releasees shall be entitled to receive from the breaching Plaintiff any payments and benefits paid to him as a result of this Agreement, as well as reasonable attorneys' fees and costs associated with enforcing this provision.

11.      Plaintiffs each affirm that they are not Medicare or Medicaid Beneficiaries (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on the behalf of any of the Plaintiffs' by Medicare or Medicaid.

12.     Plaintiffs further represent that they are not enrolled in a Medicare or Medicaid program and were not enrolled at the time of their respective employment with Releasees or anytime thereafter through the date of this Agreement.  Plaintiffs further represent and warrant that no Medicaid or Medicare payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiffs' respective employment with Releasees.  Plaintiffs further agree that they, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of any of the Plaintiffs as a Medicare or Medicaid beneficiary, Plaintiffs agree to indemnify Releasees and hold Releasees harmless in full.

13.     The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiffs' claims have merit.

14.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

15.     Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims.  Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

16.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

17.     This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

18.     The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

19.     This Agreement may only be modified, altered or changed in writing, signed by the Parties.

20.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties consent to the authority of Judge Brian M. Cogan for all purposes and hereby and expressly agree and understand that the Court shall retain jurisdiction over the interpretation or implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation of this Agreement and the settlement contemplated thereby.

21.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Matthew Cohen, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park

Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mcohen@kdvlaw.com; and counsel for Plaintiffs, Brent Pelton, Esq., Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006, (212) 385-9700, facsimile (212) 385-0800, pelton@peltongraham.com.

22.     Concurrently with the execution of this Agreement, Tara Builders and Mohamed Ali shall execute an Affidavit for Confession of Judgment in the form attached hereto as **Exhibit C**.  Tara Builders and Mohamed Ali shall provide Plaintiffs' counsel with an executed Affidavit for Confession of Judgment bearing original signatures.  The Affidavit for Confession of Judgment will be held in escrow by Plaintiffs' counsel.  In the event Defendants are in default of any of the payments required under Paragraph 3 of this Agreement, Plaintiffs' counsel shall provide fourteen (14) calendar days' written notice to Defendants' counsel of their intent to file the Affidavit for Confession of Judgment with the clerk of court of any court of competent jurisdiction.  Such written notice to cure shall be delivered to Defendants' counsel via first class mail and e-mail in accordance with Paragraph 21 of this Agreement.  Tara Builders and Mohamed Ali will have fourteen (14) calendar days to remedy their default before Plaintiffs file the Affidavit for Confession of Judgment.  If, and only if, Defendants each fail to remedy their default during the fourteen (14) calendar day cure period, Plaintiffs shall be entitled to 125% of the remaining balance of the Settlement Amount currently unpaid as of the date of the default (and at no times less than $15,000.00 plus the remaining unpaid balance as of the date of the default) collectively from Tara Builders and Mohamed Ali and may be permitted to file the Affidavit for Confession of Judgment with the clerk of court of any court of competent jurisdiction.  Should the Affidavit for Confession of Judgment be rejected by the clerk of the Court for any reason, or should the Court decline to enter judgment in Plaintiffs' favor on the Affidavit for Confession of Judgment, then Tara Builders and Mohamed Ali will fully cooperate in providing Plaintiffs, or the Court, with such different or additional documents as may prove necessary

in order to have the judgment entered, consistent with the purposes of this Agreement. Plaintiffs may then record and enforce the judgment against Tara Builders and Mohamed Ali in the manner and to the extent allowed by law. Any amount to which Plaintiffs are entitled to receive from Tara Builders and/or Mohamed Ali as a result of the filing of the Affidavit for Confession of Judgment shall be deducted by any payments made by Prajwol Gajurel and/or Prabesh Gajurel to Plaintiffs subsequent to the entering of the Affidavit for Confession of Judgment. Once Plaintiffs have filed the Affidavit for Confession of Judgment with a Court of competent jurisdiction, they are no longer entitled to any payment of the Settlement Amount by Prajwol Gajurel and/or Prabesh Gajurel. Upon complete satisfaction of all payments set forth in Paragraph 3 of this Agreement, the Affidavit for Confession of Judgment will be deemed null and void, and Plaintiffs' counsel will return the Affidavit for Confession of Judgment to Defendants' counsel and will retain no copies of same.

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

Mixio Lagos

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF __Kings__          )

On __June  18__ , 2019, before me personally came Mixio Lagos, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

JONIE M DELGADO
Notary Public, State of New York
Registration #01DE6288837
Qualified In Queens County
Commission Expires September 9, 2021

11

Guillermo Alfaro

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF Queens         )

On JULY  25,      , 2019, before me personally came Guillermo Alfaro, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Notary Public, State of New York
No. 01HE6160802
Qualified in Nassau & Certified in Queens
Commission Expires February 12, 2023

DENNIS A. HENRIQUEZ
Notary Public, State of New York
No. 01HE6160102
Qualified in Nassau & Certified in Queens
Commission Expires February 12, 2023

_____
Gerardo Rodriguez Sotelo

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF _____)

On _____, 2019, before me personally came Gerardo Rodriguez Sotelo, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Tara Builders, Inc.
By:
Title:

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF _____)

On _____, 2019, before me personally came, _____ who acknowledged himself to be a _____ of Tara Builders, Inc., and that he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his name for Tara Builders, Inc.

_____
NOTARY PUBLIC

_____
Guillermo Alfaro

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____  )

On _____, 2019, before me personally came Guillermo Alfaro, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____
Gerardo Rodriguez Sotelo

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF New York         )

On Gerardo Rodriguez Sotelo, 2019, before me personally came Gerardo Rodriguez Sotelo, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

SHERRY L HECKSTALL
Notary Public, State of New York
No. 01HE6094617
Qualified in Kings County
My Commission Expires 06/23/20 23

_____
Tara Builders, Inc.
By:
Title:

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____  )

On _____, 2019, before me personally came _____ who acknowledged himself to be a _____ of Tara Builders, Inc., and that he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his name for Tara Builders, Inc.

_____
NOTARY PUBLIC

_____
Guillermo Alfaro

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____ )

On _____, 2019, before me personally came Guillermo Alfaro, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC


_____
Gerardo Rodriguez Sotelo

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _____ )

On _____, 2019, before me personally came Gerardo Rodriguez Sotelo, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC


_____
Tara Builders, Inc.
By: TMD S Ali
Title: office Manager

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF _Queens_____  )

On _July 15^A____, 2019, before me personally came _____ who acknowledged himself to be a _____ of Tara Builders, Inc., and that he, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his name for Tara Builders, Inc.


_____
NOTARY PUBLIC

REZWI MUSTAA TAHIR
Notary Public State of New York
Reg. No. 01RE6326070
Qualified for Queens County
Commission Expires _9/8/23_

12

_____
Prajwol Gajurel

> DEYSI URIAS
> Notary Public - State of New York
> NO. 01UR6196210
> Qualified in Nassau County
> My Commission Expires 11-10-20

STATE OF NEW YORK )
                  )s.s. 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
COUNTY OF  Queens )

On ___July 19___, 2019, before me personally came Prajwol Gajurel, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC


_____
Prabesh Gajurel

STATE OF NEW YORK )
                  )s.s.
COUNTY OF _____ )

On _____, 2019, before me personally came Prabesh Gajurel, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC


_____
Mohamed Ali

STATE OF NEW YORK )
                  )s.s.
COUNTY OF _____ )

On _____, 2019, before me personally came Mohamed Ali, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____
Prajwol Gajurel

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF _____)

On _____, 2019, before me personally came Prajwol Gajurel, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____
Prabesh Gajurel

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF Queens         )

SHOAIB SULTAN
Notary Public, State of New York
No. 01SU6086777
Qualified in Queens County
Commission Expires February 3, 2023

On Thur 25, 2019, 2019, before me personally came Prabesh Gajurel, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____
Mohamed Ali

STATE OF NEW YORK        )
                         )s.s.
COUNTY OF _____)

On _____, 2019, before me personally came Mohamed Ali, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

13

_____

Prajwol Gajurel

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____  )

On _____, 2019, before me personally came Prajwol Gajurel, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____

Prabesh Gajurel

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _____  )

On _____, 2019, before me personally came Prabesh Gajurel, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

_____

Mohamed Ali

STATE OF NEW YORK            )
                             )s.s.
COUNTY OF _Queens_____   )

On _July 15th_____, 2019, before me personally came Mohamed Ali, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

REZWI MUSTAA TAHIR
Notary Public State of New York
Reg. No. 01RE6326070
Qualified for Queens County
Commission Expires 4/8/23

13

## SCHEDULE A

### Payment 1

| Name | W-2 | 1099 | Total Gross Amount |
|---|---|---|---|
| Mixio Lagos | $5,371.33 | $5,371.33 | $10,742.66 |
| Guillermo Alfaro | $3,668.22 | $3,668.22 | $7,336.44 |
| Gerardo Rodriguez Sotelo | $4,061.25 | $4,061.25 | $8,122.50 |
| Pelton Graham LLC | N/A | $13,798.40 | $13,798.40 |

### Payments 2-9

| Name | W-2 | 1099 | Total Gross Amount |
|---|---|---|---|
| Mixio Lagos | $1,342.83 | $1,342.83 | $2,685.66 |
| Guillermo Alfaro | $917.06 | $917.06 | $1,834.12 |
| Gerardo Rodriguez Sotelo | $1,015.31 | $1,015.31 | $2,030.62 |
| Pelton Graham LLC | N/A | $3,449.60 | $3,449.60 |

### Payment 10

| Name | W-2 | 1099 | Total Gross Amount |
|---|---|---|---|
| Mixio Lagos | $671.42 | $671.42 | $1,342.84 |
| Guillermo Alfaro | $458.53 | $458.53 | $917.06 |
| Gerardo Rodriguez Sotelo | $507.66 | $507.66 | $1,015.32 |
| Pelton Graham LLC | N/A | $1,724.78 | $1,724.78 |

## EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIXIO LAGOS, GUILLERMO ALFARO, and
GERARDO RODRIGUEZ SOTELO, Individually
and on Behalf of All Others Similarly Situated,

                       Plaintiffs,

   -against-

TARA BUILDERS INC., PRAJWOL GAJUREL,
PRABESH GAJUREL and MOHAMED ALI,
Jointly and Severally,

                     Defendants.
------------------------------------------------------------X

Case No.: 18-cv-05411 (BMC)

**STIPULATION OF DISMISSAL**

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Amended Class & Collective Action Complaint (the "Amended Complaint") in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

    Plaintiffs are precluded from bringing any further claims against any of the Defendants under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including minimum wages and overtime pay for the period set forth in the Amended Complaint.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: _Ily 24_ , 2019

PELTON GRAHAM LLC
*Attorneys for Plaintiffs*

By: _____
    Brent Pelton, Esq.
    Taylor Graham, Esq.
    Kristen Boysen, Esq.
111 Broadway, Suite 1503
New York, New York 10006
(212) 385-9700
pelton@peltongraham.com
graham@peltongraham.com
boysen@peltongraham.com

**SO ORDERED:**

Dated: _July 24_, 2019

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*

By: _____
    Keith Gutstein, Esq.
    Matthew Cohen, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
kgutstein@kdvlaw.com
mcohen@kdvlaw.com

_____
Hon. Brian M. Cogan, U.S.D.J.

16

**EXHIBIT C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MIXIO LAGOS, GUILLERMO ALFARO, and                  Case No.: 18-cv-05411 (BMC)
GERARDO RODRIGUEZ SOTELO, Individually
and on Behalf of All Others Similarly Situated,

                Plaintiffs,

v.

TARA BUILDERS INC., PRAJWOL GAJUREL,
PRABESH GAJUREL and MOHAMED ALI, Jointly
and Severally,

                Defendants.

-------------------------------------------------------------------X


### AFFIDAVIT FOR CONFESSION OF JUDGMENT


STATE OF NEW YORK       )
                       )    ss.:
COUNTY OF_____   )


I, Mohamed Ali, being duly sworn, deposes and says:

1.    I reside at 8943 98 St. Woodhaven, NY 11421

2.    I am an owner of Tara Builders, Inc. ("Tara Builders"), a Defendant in the above-referenced action. I am duly authorized to make this Affidavit for Confession of Judgment on behalf of Tara Builders.

3.    Tara Builders maintains its principal place of business at 179-15 Jamaica Ca Ave. Jamaica, NY 11432

4.    On May 20, 2019, Defendants collectively agreed to pay the total sum of One Hundred Twenty Five Thousand Dollars and Zero Cents ($125,000.00) (the "Settlement Amount") in exchange for the dismissal with prejudice of the action in the United States District Court for the Eastern District of New York titled *Mixio Lagos, Guillermo Alfaro, and Gerardo Rodriguez Sotelo, Individually and on Behalf of All Others Similarly Situated v. Tara Builders Inc., Prajwol Gajurel,*

18

*Prabesh Gajurel, and Mohamed Ali, Jointly and Severally* (Case No. 18-cv-05411 (BMC)).  In furtherance of same, Mixio Lagos, Guillermo Alfaro, and Gerardo Rodriguez Sotelo (the "Plaintiffs") on the one hand, and Tara Builders, Inc., Prajwol Gajurel, Prabesh Gajurel, and myself (collectively the "Defendants"), on the other hand, executed the Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

5.     This Affidavit for Confession of Judgment is for a debt justly due to Plaintiffs under the terms of the Agreement, which provides that Defendants are to collectively submit the Settlement Amount collectively to Plaintiffs which is payable over ten (10) installments over an eleven (11) month period as set forth in the Agreement.  As set forth in Paragraph 4 of the Agreement, pursuant to an agreement between Defendants, Tara Builders and myself are responsible for paying the entire Settlement Amount.

6.     Under the terms of the Agreement, if Defendants are in default in the payment of any of the installments of the Settlement Amount identified in the Agreement, Plaintiffs' counsel shall provide fourteen (14) calendar days' written notice to Tara Builders and myself, in accordance with the notice provision set forth in Paragraph 21 of the Agreement, of Plaintiffs' intent to file this Affidavit for Confession of Judgment with the clerk of any court of competent jurisdiction.  Tara Builders and Mohamed Ali shall have fourteen (14) calendar days to remedy their default.  If, and only if, Defendants each fail to remedy their default during the fourteen (14) calendar day cure period, Plaintiffs shall be entitled to 125% of the remaining balance of the Settlement Amount currently unpaid as of the date of the default (and at no times less than $15,000.00 plus the remaining unpaid balance as of the date of the default) collectively from Tara Builders and Mohamed Ali.

7.     If Defendants collectively fail to remedy its default within fourteen (14) calendar days of the sending of such notice to cure, I hereby authorize the entry of this Affidavit for Confession of Judgment to be filed in any Court of competent jurisdiction in the State of New York, and further authorize judgment against Tara Builders and myself, jointly and severally, in the amount equal to 125% of the remaining balance of the Settlement Amount currently unpaid as of the date of the default (and at no times less than $15,000.00 plus the remaining unpaid balance as of the date of the default) under the Agreement.  Any amount to which Plaintiffs are entitled to receive from Tara Builders and/or myself pursuant to the filing of this Affidavit for Confession of Judgment shall be deducted by any payments made by Prajwol Gajurel and/or Prabesh Gajurel to Plaintiffs subsequent to the filing of this Affidavit for Confession of Judgment in any Court of competent jurisdiction.

8.     This Affidavit for Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Tara Builders and myself, including, without limitation, the terms and provisions of the Agreement.

9.     This Affidavit for Confession of Judgment shall be null and void upon full payment of the Settlement Amount collectively by Defendants.

_____

Tara Builders, Inc.
By: Mohamed Ali
Title: office manager

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF Queens           )

REZWI MUSTAA TAHIR
Notary Public State of New York
Reg. No. 01RE6326070
Qualified for Queens County
Commission Expires 6|8|23

On July 15th, 2019, before me personally came Mohamed Ali who acknowledged herself to be a Officer Manager of Tara Builders, Inc., and that he, as such, being authorized so to do, executed the foregoing Affidavit for Confession of Judgment for the purposes therein contained, by signing his name for Tara Builders, Inc.

_____
NOTARY PUBLIC

_____
Mohamed Ali

STATE OF NEW YORK          )
                           )s.s.
COUNTY OF Queens           )

On July 15th, 2019, before me personally came Mohamed Ali, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

REZWI MUSTAA TAHIR
Notary Public State of New York
Reg. No. 01RE6326070
Qualified for Queens County
Commission Expires 6|8|23